No. 766

MORTON v. DAVAZAC et

No. 19314. Supreme Court

On motion to certify. Dock. Aug. 8, 1925; 3 Abs. 499.

**677. JUDGMENTS AND DECREES—Vacation of; effect where no valid defense is raised.**

The original action was a tax foreclosure suit brought in the Hamilton Common Pleas against Elizabeth Davazac by the treasurer of Hamilton County for the purpose of collecting delinquent taxes on several pieces of property. This property was offered for sale by the sheriff pursuant to court order and purchased by Phillip Morton as highest and best bidder. A final decree of confirmation and distribution was entered and approved.

Thereafter Davazac and the Home Loan & Building Association filed an application to open up judgment and defend. To this end service of summons was issued to the treasurer of Hamilton County and Morton was made a party defendant, but he was not served with summons. The hearing was continued over until Oct. 1, 1924, and Morton up to this time had not been served; nor had he opportunity to file and pleadings. On March 6, 1925, the Hamilton Common Pleas handed down an opinion ordering Morton's deed be set aside and all proceedings void. Morton was denied the right to plead or present any evidence or witnesses. The Court of Appeals affirmed the judgment of the lower court.

The case is pending in the Supreme Court on motion to certify and it is contended:

1. The statutes provide the only remedy by which the court can change its orders or judgments after the term, which the courts below did not observe.

2. Davazac and the Loan Association must proceed under 11632 GC. which procedure was not followed.

3. The court must try and decide upon the grounds to vacate and modify a judgment or order before deciding the validity of the defense as provided in 11636 GC., which it did not do.

4. A judgment shall not be vacated on motion or petition until it is adjudged there is a valid defense to the action, or if plaintiff seeks it vacation, that there is a valid cause of action, 11637 GC. The court, it is claimed, found no defense to the treasurer's petition.

5. The court below has entirely disregarded 11633 GC. The title to property which is the subject of the judgment or order sought to be opened, and which, by or in consequence of the judgment or order has passed to a purchaser in good faith, shall not be affected by proceedings under 11632 and 11631 GC.

6. Davazac and the Loan Association do not come into court with clean hands, as they have not paid their taxes for more than ten years.

Attorneys—Fyffe Chambers for Morton; F. S. Richter; Buchwalter, Headly & Smith, Chas. S. Bell and Jessie Adler for Davazac et; all of Cincinnati.

# CODE NOTES
## Statutes Considered, Cited, Etc.

### Published in August Abstracts

**Sec. 26. STATUTES**
Whenever amended, such amendment not to affect pending civil or criminal actions. In regards to remedial statutes pending actions not affected unless so expressed. Cincinnati Trac. Co. v. Myers, 3 Abs. 462.

**Sec. 665. INSURANCE**
No company shall engage in the business of insurance in this State unless expressly authorized by the laws of this state. Hixom Lumb. Co. v. Barker; 3 Abs. 492.

**Sec. 1465-76. WORKMEN'S COMPENSATION**
Application for award or acceptance of corporation, waives applicant's right of action and right to exercise his option to institute proceedings in court. Giordullo v. Herschede-Hall Co., 3 Abs. 496.

**Sec. 3513. VILLAGES**
Method of surrendering their corporate power. In re Village Incorporation, 3 Abs. 465.

**Sec. 3536. ELECTIONS**
First election of officers for newly incorporated village to be held at first municipal election after its creation, place of holding to be fixed by petition. In re Village Incorporation, 3 Abs. 465.

**Sec. 6316-1. SALARIES AND WAGE EARNINGS**
Being a penal statute must be strictly construed and phrase, "purchasing or making loans on salaries, etc," must be construed to mean purchasing of loans on salaries or wage earnings, and it does not apply to outright purchases. Mehaffey v. State, 3 Abs. 495.

**Sec. 6454, 55 and 84. PROCEDURE**
For assessment for single county ditches outlined, providing for assessment of cost of improvements according to benefit derived. In re Ditch Law, 3 Abs. 513.

**Sec. 6455. ASSESSMENTS**
County commissioners shall levy them according to benefits; all land affected by improvement to be assessed in proportion as it is specially benefited. In re Ditch Law; 3 Abs. 513.

**Sec. 7630-1. BOARD OF EDUCATION**
Authorized upon approval of electors to issue bonds for purpose of rebuilding destroyed, decayed or prohibited buildings; or constructing new building for accomodation of pupils of entire district. Ind. Comm. et v. Snyder et, 3 Abs. 482.

**Sec. 7763. SCHOOL AND SCHOOL DISTRICTS**
Parent required to send child of compulsory school age, not employed on an age or schooling certificate, to a public, private, or parochial school. Littler v. Voigt, 3 Abs. 508.

**Sec. 8215. NEGOTIABLE INSTRUMENTS**
When waiver is embodied in instrument, is binding upon all parties, but when written above signature of indorser, it binds him only. Erhart v. Sodgebury; 3. Abs. 490.

**Sec. 8305. INTEREST**
Right to charge, authorized. North. Ohio Trac. Co. v. Evans, Admx., 3 Abs. 464.

**Sec. 8606. DOWER**
A widow or widower who has not relinquished or been barred, has use of one-third of all real property of which deceased consort was seized at any time during marriage. Walker v. Walker, 3 Abs. 493.

**Sec. 8618. FRAUD**
A gift, grant, or conveyance made or obtained with intent to defraud, utterly void and of no effect. Bales v. Robinson et, 3 Abs. 460.

**Sec. 8993-22. BILL OF LADING**
Where issued by carrier, it is liable to holder of negotiable bill for damages or non-receipt of any part of goods. Penna. Rd. Co. v. Fitch Co., 3 Abs. 461.

**Sec. 10222. Special Provisions.**
Where special provision is made as to service, pleadings or competency of witnesses, is consistent with general provisions, former to govern unless provisions are cumulative. Penn. Rd. Co. v. Bell, 3 Abs. 476.

**Sec. 10253. GARNISHMENT**
Method for filing affidavit for attachment. Penna. Rd. Co. v. Bell, 3 Abs. 475.

**Sec. 11241. ACTION**
Must be prosecuted by real party in interest. Batts v. Thom & Sons, 3 Abs. 507.

**Sec. 11290. SERVICE**
When defendant is foreign corporation having a managing agent in this state, service may be upon said agent. Israel v. Champion Shoe Mach. Co., 3 Abs. 512.

**Sec. 11364. PLEADINGS**
Reviewing court to disregard any error or defect in pleadings or proceedings not affecting the substantial rights of the adverse party. Allen v. Ricketts, 3 Abs. 467.

**Sec. 11637. VACATION**
Judgment shall not be vacated until it is adjudged that there is a valid defense to the action in which it was rendered. Dimler Mfg. Co. v. Dayton Trust Co., 3 Abs. 493.

**Sec. 11656. JUDGMENTS**
By confession and those rendered in term action is begun, are only exceptions to statute providing that lands and testaments within county are to be bound for its satisfaction from first day of term judgment was rendered. North. Ohio Trac. Co. v. Evans, Admrx., 3 Abs. 464.